**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

G.C. & K.B. INVESTMENTS, INC.,

    Plaintiff,

    v.

SABERCAT VENTURES, INC., et al.,

    Defendants.
_____/

No. C 04-0240 PJH

**ORDER RE MOTIONS FOR ATTORNEYS' FEES AND SANCTIONS**

    Defendants Sabercat and Scarlett's motion for attorneys' fees, defendant Anderson-Draper's motion for attorneys' fees, third party Terence Beard's motion for sanctions, and plaintiff's motions for sanctions came on for hearing on May 4, 2005 before this court. Defendants Sabercat and Scarlett (collectively, "Sabercat") appeared through their counsel Dean Harper, defendant Anderson-Draper appeared through its counsel, Terence Beard, and third party Terence Beard appeared through his counsel, Georgan Goebel. Plaintiff appeared through its counsel, Barry Schlom. Having read the papers and carefully considered the relevant legal authority, the court DENIES Sabercat's motion, GRANTS Anderson-Draper's motion, GRANTS Beard's motion, and DENIES plaintiff's motions, for the reasons stated at the hearing and those that follow.[1]

**BACKGROUND**

    Plaintiff G.C. & K.B. Investments is the successor in interest to Nocal, Inc, and is the national franchiser for SpeeDee Oil Change and Tune Up car care service stations. Plaintiff sued one of its franchisees, Sabercat, and its proprietor, Scott Scarlett, for a variety of

---

[1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

business torts when Sabercat terminated its franchise agreement ("the LFA") with G.C. & K.B. and became a Valvoline franchisee.

Plaintiff also named Anderson-Draper, the party for whom Sabercat manages the franchise under the terms of a Business Management Agreement ("BMA"), as a defendant. Anderson-Draper had previously been a franchisee with plaintiff, but sold its franchise interest to Sabercat. In the course of discovery, plaintiff served a deposition subpoena on Anderson-Draper's attorney, Terence Beard. Beard moved for a protective order, which was granted.

Sabercat previously filed a motion for summary judgment on all claims. The court denied Sabercat's motion on the fraud, negligent misrepresentation, and breach of contract claims, but granted summary judgment on the requests for declaratory and injunctive relief that plaintiff had a right to assume Sabercat's franchise agreement. The complaint was dismissed in its entirety as to defendant Anderson-Draper.

Both Sabercat and Anderson-Draper now move for attorneys' fees, claiming that the contract at issue grants attorneys' fees to a prevailing party. Beard also moves for sanctions against plaintiff and plaintiff's attorney, based on plaintiff's improper discovery tactics against him personally. Plaintiff, in its oppositions, also requests Rule 11 sanctions against Sabercat and Anderson-Draper for filing frivolous attorneys' fees requests.

**DISCUSSION**

I.    Motions for Attorneys' Fees

    A.    Legal Standard

Federal courts sitting in diversity apply state law with regard to awarding attorneys' fees. Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985). Under California law, in an action on a contract, where the contract provides for recovery of attorneys' fees incurred to enforce the contract, reasonable attorneys' fees must be awarded to the party prevailing on the contract. Cal. Civ. Code § 1717(a); Exxess Electronixx v. Heger Realty Corp., 64 Cal. App. 4th 698, 706 (1998). The party prevailing on the contract is defined as "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code §

2

1717(b)(1). The court is to determine under this definition who is the party prevailing on the contract, and may also determine that there is no party prevailing on the contract. Id.

The LFA here states, in relevant part: "In the event that any action or proceeding is filed by one party against the other party to enforce any of the covenants or conditions hereto, the party in whose favor final judgment shall be entered shall be entitled to recover from the other reasonable attorneys' fees." LFA § 9.6. Similarly, the BMA states: "In the event a dispute shall arise under this Agreement necessitating a legal action in order to interpret or enforce the terms hereof, the prevailing party or parties shall be entitled to reasonable attorneys' fees and their actual costs of suit." BMA ¶ 10.

### B. Sabercat's Motion for Attorneys' Fees

At the hearing, the court indicated that this motion was premature, as contract claims remained to be decided in this litigation and therefore it was too early to determine which party had prevailed on the contract. In light of that comment, Sabercat withdrew its motion to dismiss. Sabercat's motion to dismiss is thus DENIED without prejudice.

### C. Anderson-Draper's Motion for Attorneys' Fees

Next, Anderson-Draper moves for attorneys' fees, claiming that it has prevailed in this litigation since it was dismissed as a defendant and judgment in its favor has been entered. Anderson-Draper claims that it is entitled to attorneys' fees against plaintiff, even though it and plaintiff are not in a contractual relationship. Anderson-Draper and Sabercat are signatories on the BMA, and Sabercat and plaintiff are signatories to the LFA.

A non-signatory to an agreement granting attorneys' fees to a prevailing party in litigation can nonetheless be held liable for attorneys' fees if the non-signatory would have been entitled to attorneys' fees under the contract if that party had prevailed. See, e.g., International Billing Serv., Inc. v. Emigh, 84 Cal.App. 4th 1175, 1187 (2000); Reynolds Metal Co. v. Alperson, 25 Cal.3d 124, 128 (1979). In other words, if plaintiff would have been entitled to collect attorneys' fees from Anderson-Draper had it prevailed on its claim that Anderson-Draper was required to permit plaintiff to assume or purchase Sabercat's interest in

the "lease," then Anderson-Draper would be entitled to attorneys' fees if it prevailed. <u>Real Property Serv. Corp. v. City of Pasadena</u>, 25 Cal.App. 4th 375, 380-81 (same doctrine applies irrespective of which party in the lawsuit is the nonsignatory party).

It was plaintiff who put the terms of the BMA at issue in this litigation by claiming that the BMA was essentially a "lease" and subject to purchase by plaintiff under the terms of the LFA. Even though the court ultimately found that plaintiff was not entitled to purchase the BMA/lease because plaintiff had failed to give timely notice of its intent to purchase Sabercat's assets, the court was nonetheless required to interpret the terms of the BMA to determine if it was a "lease" in ruling on the summary judgment motions. Putting aside the question of a timely notice of intent, had plaintiff persuaded the court that the BMA was a lease, it would have been entitled to purchase Sabercat's interest and to recover attorneys' fees from Anderson-Draper incurred in this legal action to interpret the terms of the BMA. In view of the mutuality requirements of attorneys' fees provisions, Anderson-Draper's request for fees is GRANTED. Plaintiff's claim at the hearing that it had no intention of seeking attorneys' fees from Anderson-Draper under the contract is irrelevant.

Because plaintiff did not object to the amount of the attorneys' fees requested either in its papers or at the hearing, and because the court finds that Anderson-Draper's attorney spent a reasonable amount of time at a reasonable hourly rate defending the case, the court hereby approves Anderson-Draper's request for $26,525.00 in attorneys' fees and all costs incurred in the litigation of this matter.

II.     Motions for Sanctions

     A.     Plaintiff's Motion for Sanctions

Plaintiff moved for Rule 11 sanctions against both Sabercat and Anderson-Draper, but at the hearing, indicated that it would withdraw the motion for sanctions against Sabercat. Plaintiff's motions for sanctions are nonetheless DENIED on the merits, for failure to comply with the procedural requirements of Rule 11. Rule 11 requires that a motion for sanctions be separately noticed and not simply included in an opposition brief. The rule also provides

a "safe harbor" provision, which requires that the motion be served at least 21 days before its filing. Fed. R. Civ. P. 11(c)(1). Neither of these requirements were met here. As to plaintiff's motion against Anderson-Draper, it is also DENIED because Anderson-Draper prevailed on its motion for attorneys' fees and thus its motion was not frivolous.

### B. Beard's Motion for Sanctions

Finally, non-party Beard moves for sanctions under Fed. R. Civ. P. 26(c) and 37(a)(4), which requires that the court award expenses, including attorneys' fees, to a party that prevails on a motion for a protective order.

Under Rule 37, attorneys' fees must be awarded, "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain [the relief requested], or that the opposing party's . . . response . . . was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4). Beard also moves for sanctions under Fed. R. Civ. P. 45(c)(1), which requires the court to award attorneys' fees against "the party or attorney" who fails to take "reasonable steps to avoid imposing undue burden or expense on a person" who has been subpoenaed.

Here, Beard has adequately demonstrated that plaintiff did not make a sufficient good faith effort to obtain the necessary discovery from Anderson-Draper before subpoenaing its lawyer for deposition, or otherwise make reasonable efforts to avoid imposing undue burden and expense on Beard. Magistrate Judge Larson so found, and his order was not appealed by plaintiff. The motion for sanctions is GRANTED.

Because plaintiff did not object to the amount of the attorneys' fees requested either in its papers or at the hearing, and because the court finds that Beard's attorney spent a reasonable amount of time at a reasonable hourly rate defending Beard against the improper discovery, the court hereby approves Beard's request for $13,452.00 in attorneys' fees and all costs incurred in the litigation of this matter.

### III. Conclusion

5

1  Sabercat's motion for attorneys' fees is DENIED, without prejudice. Plaintiff's motions
2 for sanctions are DENIED. Anderson-Draper's motion for attorneys' fees and Beard's motion
3 for sanctions are GRANTED. Plaintiff shall pay Anderson-Draper $26,525.00 and Beard
4 $13,452.00, within thirty days of the date of this order.

5  This order fully adjudicates the matters listed at nos. 91, 99, and 105 on the clerk's
6 docket for this case.

7  **IT IS SO ORDERED.**

8 Dated: May 6, 2005

_____/s/_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

6